UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JAMES E. BROWN | CIVIL ACTION NO. 3:11-cv-0194 |
|     LA. DOC #112958 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN TIM WILKINSON | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* petitioner James E. Brown filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on February 2, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Corrections Center, Winnfield, Louisiana. Petitioner attacks the 60 year hard labor sentence imposed following his 1986 armed robbery conviction in the Third Judicial District Court, Lincoln Parish; he also argues that Third Judicial District Court Judge Cynthia Woodward erred when she denied his 2008 motion to correct an illegal sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition, insofar as it attacks the constitutionality of petitioner's sentence be **DISMISSED WITH PREJUDICE** because this Court lacks jurisdiction to consider petitioner's successive habeas claim; it is further recommended that the petition, insofar as it alleges error in the denial of his 2008 motion to correct an illegal sentence, be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

Petitioner was charged with multiple counts of armed robbery. In January 1986 he pled guilty to one count of armed robbery and in March of the same year he was sentenced to serve 60 years at hard labor.

On November 13, 1997, he filed a petition for writ of *habeas corpus* in this Court. He attacked the 1986 Lincoln Parish conviction arguing a claim of ineffective assistance of counsel. On December 22, 1998, United States Magistrate Judge Roy S. Payne recommended dismissal of the petition as procedurally barred and on February 1, 1999, United States District Court Judge Robert G. James adopted the Recommendation and dismissed the matter with prejudice. Thereafter Judge James denied petitioner's request for a Certificate of Appealability (COA) and on August 20, 1999, the United States Fifth Circuit Court of Appeals in turn denied his request for a COA. *James E. Brown v. Burl Cain, Warden*, No. 3:97-cv-2221 at Docs. # 1 (petition), 11 (Report and Recommendation), 13 (Judgment), 16 (Denial of COA by District Court) and 18 (Judgment of the Fifth Circuit, *Brown v. Cain,* No. 99-30241).

On August 16, 2002, petitioner filed a second petition for writ of *habeas corpus* attacking the 1986 Lincoln Parish conviction on the grounds that his guilty plea was involuntary because of defects in the Bill of Indictment. On December 31, 2002, United States Magistrate Judge James D. Kirk recommended transfer of the petition to the Fifth Circuit Court of Appeals so that petitioner could seek approval from that Court for his second and successive §2254 petition as required by the provisions of 28 U.S.C. §2244(b). On February 27, 2003, Judge James adopted the recommendation and ordered the matter transferred to the Fifth Circuit. Thereafter, on May 8, 2003, the Fifth Circuit denied authorization to file the successive petition. *James E. Brown v. Warden, L.S.P.*, No. 3:02-cv-

1759 at Docs. #1 (petition), 4 (Report and Recommendation), 7 (Order of Transfer), and 11 (Judgment of the Fifth Circuit Court of Appeals, *In re: Brown*, No. 03-30192).

Petitioner filed the instant petition on February 2, 2011. In the pleading he asserted that he has not previously attacked the Lincoln Parish conviction in federal court. [Doc. #1, ¶9(a)]

Petitioner now claims that he is entitled to *habeas corpus* relief because there were errors in the pre-sentence investigation report and which led to the imposition of an unconstitutionally enhanced sentence. He also maintains that Judge Cynthia Woodward "... committed malfeasance in her official duties and/or perjury..." when she denied his Motion to Correct an Illegal Sentence raising that claim. [Doc. #1, ¶5 and Doc. #1-2, p. 2][1]

## *Law and Analysis*

This is petitioner's third attempt to collaterally attack his 1986 armed robbery conviction and the 60 year sentence imposed by Louisiana's Third Judicial District Court. A *habeas corpus* petition is not "second or successive" simply because it is filed after an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). According to the Fifth Circuit "a later petition is successive when it: (1) <u>raises a claim challenging the petitioner's conviction or sentence that</u> was or <u>could have been raised in an earlier petition</u>; or (2) otherwise constitutes an abuse of the writ." *Id*.; *Crone v. Cockrell*, 324 F.3d 833, 836-837 (5th Cir. 2003) (emphasis supplied)

Petitioner claims that errors in the P.S.I. report resulted in the imposition of an

---

[1] Specifically, petitioner claims, "In Petitioner's third 'Motion to Correct an Illegal Sentence,' his issue for review was his tainted P.S.I. and the judge's remarks in reference to past criminal activity. Judge Woodard remarks in her order dated April 8, 2008, that this claim had previously been adjudicated." Petitioner concludes by arguing that none of the orders denying his previous motions addressed the P.S.I. issued. [Doc. #1-2, p. 2] He then suggests that the state court's failure to address the merits of this claim constitutes malfeasance in office in violation of La. R.S. 14:134.

unconstitutional sentence. While petitioner did not raise this claim in his first *habeas corpus* petition, which was dismissed on the merits, or his second petition which was dismissed by the Fifth Circuit, he certainly could have. Therefore, the instant petition, insofar as it attacks the constitutionality of petitioner's 60 year sentence, must be considered a "second or successive" petition for writ of *habeas corpus*. Before a successive petition is filed in district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

Petitioner has not sought and received authorization to file a second or successive *habeas corpus* from the Fifth Circuit Court of Appeals, therefore, this court lacks jurisdiction to consider his sentencing error claim. *See Burton v. Stewart*, 549 U.S. 147, 157, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir.1999).   Petitioner must comply with the statute and obtain an order authorizing this Court to consider his claim from the Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3); *In re McGinn*, 213 F.3d 884, 885 (5th Cir.2000).

Petitioner raises a second, related claim in which he accuses Judge Woodward of malfeasance in office in violation of Louisiana law. This claim is based on Judge Woodward's denial of petitioner's sentencing claim when it was presented to the Louisiana court in his third Motion to Correct an Illegal Sentence. This claim, of course, could not have been raised in petitioner's earlier *habeas* petition because it did not arise until April 2008 when Judge Woodward issued her order denying petitioner's sentencing claim as repetitive.   Nevertheless, *habeas* relief is available to petitioner only if he can establish "... that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).  Here, petitioner asserts a violation of Louisiana law and therefore he fails to state a claim for which relief may be granted.   Further, Judge

4

Woodward's error, if any, is not the basis for petitioner's custody. Petitioner is in custody by virtue of the sentence imposed in 1986.

In *In re Epps,* 127 F.3d 364 (5th Cir.1997), the Fifth Circuit adopted a procedure which might be employed when a successive petition is erroneously filed in the district court. *Epps* suggests that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under § 2244 is appropriate. However, petitioner is now well aware of the prohibition against second and successive *habeas* petitions as he was advised of the provisions of §2244(b) in his second writ application. Further, petitioner has falsely asserted that he has not previously attacked the Lincoln Parish conviction in federal court. [Doc. #1, ¶9(a)]

Therefore,

**IT IS RECOMMENDED** that petitioner's Application for Writ of *Habeas Corpus* insofar as it alleges sentencing error, be **DISMISSED WITH PREJUDICE** since this Court does not have jurisdiction to consider petitioner's successive claim; and,

**IT IS FURTHER RECOMMENDED** that petitioner's Application for Writ of *Habeas Corpus*, insofar as it alleges error in the denial of petitioner's third motion to correct an illegal sentence, be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

**PETITIONER IS CAUTIONED – CONTINUED ABUSE OF THE WRIT OR OTHER CONTUMACIOUS BEHAVIOR (SUCH AS PROVIDING FALSE ALLEGATIONS IN HIS PLEADINGS) WILL RESULT IN THE IMPOSITION OF SANCTIONS.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file

specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir.1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a COA, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a COA should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, March 3, 2011.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE